**In re AIR CRASH DISASTER NEAR SILVER PLUME, COLORADO, ON OCTOBER 2, 1970.**

*Mike Bruce, et al. v. Fair-child Industries,* W. D. Okla., Civ. 73–14–D.

**No. 112.**

Judicial Panel on Multidistrict Litigation.
Dec. 26, 1973.

See also, Jud.Pan.Mult.Lit., 352 F. Supp. 968.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The above-captioned action arose out of the crash of a charter aircraft in the fall of 1970. We initially transferred all actions in this litigation to the District of Kansas and, with the consent of that court, assigned them to Judge Frank G. Theis for coordinated or consolidated pretrial proceedings. In re Silver Plume, Colorado, Air Disaster Litigation, 352 F.Supp. 968 (Jud.Pan.Mult. Lit.1972). Pursuant to Rule 12 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 53 F.R.D. 119, amended 55 F.R.D. LI, the Clerk of the Panel issued an order conditionally transferring this action to the District of Kansas under 28 U.S.C. § 1407. Defendant Fairchild Industries opposes transfer and now moves the Panel to vacate the conditional transfer order. We find that the criteria for transfer of this action under Section 1407 have not been satisfied and, accordingly, defendant's motion is granted.

In their search for a solvent defendant, plaintiffs commenced twenty actions against Fairchild Industries in Oklahoma state court alleging breach of warranty. After completion of lengthy discovery, however, plaintiffs dismissed each of the state court actions immediately prior to the hearings on Fairchild's motions for summary judgment. Plaintiffs then combined and filed the above-captioned action in Oklahoma federal court.

Plaintiffs argue that their action shares questions of fact common to the previously transferred actions and, therefore, can be most expeditiously processed if it is also transferred to the District of Kansas pursuant to Section 1407.

Fairchild Industries accuses plaintiffs of employing dilatory tactics in order to avoid a final determination of the merits of the action. It stresses that all of the pretrial discovery pertinent to this action was completed in the Oklahoma state court and it has requested the federal court to adopt all prior state court orders and discovery. Fairchild contends that the action is again ripe for summary judgment and that transfer would not promote the just and efficient conduct of the action but would only deny Fairchild a prompt disposition of the claims asserted against it.

Plaintiffs' theory of liability in this action is based upon an alleged breach of warranty, whereas plaintiffs in the actions in Kansas allege liability based upon the certification and operation of the aircraft. Thus, the Oklahoma action raises only limited questions of fact common to the Kansas litigation. In addition, discovery in the Oklahoma action is far advanced and it appears that that action can be disposed of with a minimal expenditure of judicial energy. Indeed, plaintiffs seem determined to use Section 1407 as a means of further delaying a final resolution of their claims against Fairchild. Nothing in the record before us, however, convinces us that transfer of the above-captioned action will serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.

It is therefore ordered that the January 19, 1973 conditional transfer order

entered in the above-captioned action be, and the same hereby is, vacated; and transfer of that action under Section 1407 be, and the same hereby is, denied.